IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States,

    Defendant.

_____

**ORDER GRANTING MOTION TO COMPEL**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Compel** [Docket No. 14; Filed September 11, 2008] (the "Motion"). Defendant requests an Order compelling Plaintiff to: (1) respond fully to Interrogatories 3 through 10 and 12 through 14 of Defendant's First Set of Interrogatories; and (3) respond fully to Document Requests 1 through 6 of Defendant's Request for Production of Documents. Plaintiff sought and received an extension of time to respond to the Motion [Docket No. 21]. The deadline for Plaintiff to respond has expired, and Plaintiff (who is represented by counsel) has not responded.

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Plaintiff failed to timely respond to the Motion or offer any explanation regarding Defendant's allegations of discovery abuses. It is the nonmoving party's burden to show why a discovery request is objectionable, and that burden cannot be sustained merely by asserting "boilerplate claims that the requested discovery is" burdensome without further substantiation of the objection. *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). In addition,

failure to raise an objection in the response to a motion to compel will be deemed a waiver of that objection. *See Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 nn.15-16 (D. Kan. 2005). "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

I find that Defendant's discovery requests are reasonable. Plaintiff is a litigant in a federal medical malpractice lawsuit. He must meaningfully participate in discovery and provide information related to defense of his claims. To date, he has not done so. Given Plaintiff's failure to respond to the Motion and provide substantiation for his objections, the Court is not inclined to give weight to any objections which do not relate to privilege or inadvertent destruction issues.

IT IS FURTHER **ORDERED** that Plaintiff's failure to timely respond to the Motion and raise any objection he may have to Defendant's discovery requests waives all such objections, other than those based on applicable privileges or inadvertent destruction. Plaintiff must, therefore, respond to the outstanding discovery requests in full, without objection, except objections based upon applicable privileges or that the documents no longer exist through no fault of Plaintiff.

IT IS FURTHER **ORDERED** that on or before **November 24, 2008**, Plaintiff shall:

(1) Respond in full to Interrogatories 3 through 10 and 12 through 14 of Defendant's First Set of Interrogatories; and

(2) Respond in full to Document Requests 1 through 6 of Defendant's Request for Production of Documents.

***Plaintiff's failure to comply with this Order may result in the imposition of further sanctions, including a recommendation that his case be dismissed pursuant to Fed. R. Civ. P. 37(b).***

Dated: October 22, 2008

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge