IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion for Order** [Docket No. 15; Filed September 11, 2008] ("Defendant's Motion"), and **Plaintiff's Motion for Leave to File (Amended) Civil Complaint** [Docket No. 26; Filed October 21, 2008] ("Plaintiff's Motion"). The Motions at issue here are related. Pursuant to Defendant's Motion, Defendant seeks to require Plaintiff to file a certificate of review for the claims of negligence asserted against the United States in his complaint. *Defendant's Motion* [#15] at 1. Plaintiff did not respond to Defendant's Motion; rather, Plaintiff filed his own Motion which seeks permission to amend his complaint in an attempt to obviate the necessity for filing a certificate of review, consequently rendering Defendant's Motion moot. *Plaintiff's Motion* [#26] at 1-2. In conjunction with Plaintiff's Motion, Plaintiff also tendered an "I. (Amended) Civil Complaint, and II. Demand for Jury Trial [hereinafter "proposed Amended Complaint"]. Defendant filed a Response in opposition to Plaintiff's Motion on November 10, 2009 [Docket No. 29], and Plaintiff did not file a reply. The Motions have been fully briefed and

are ripe for resolution. Accordingly,

IT IS HEREBY **ORDERED** that Defendant's Motion [#15] is **DENIED**.

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#26] is **GRANTED**. The Court further explains its ruling below.

This case involves a medical malpractice lawsuit arising from a surgery performed by Defendant's agents on Plaintiff [Docket No. 1]. It is undisputed that on August 30, 2005, Defendant's agents left a surgical clamp in Plaintiff's chest and that the clamp remains in Plaintiff's chest. In Plaintiff's original complaint, he sought damages against Defendant for: (1) leaving a surgical clamp in Plaintiff's chest; (2) not informing Plaintiff after his surgery that one of the surgical clamps was missing; and (3) not timely removing the surgical clamp such that it must remain in Plaintiff's chest until the end of his life. *Complaint* [#1] at 7.

Colorado law applies to this action. *Hill v. United States*, 751 F. Supp. 909, 910 (D. Colo. 1990). Pursuant to that law, a party who asserts a professional negligence claim against the United States is required to file a certificate of review. Colo. Rev. Stat. § 13-20-602(1)(a); *Hill*, 751 F. Supp. at 910. The purpose of the certificate of review is to "establish a *prima facie* case of negligence." *Badis v. Martinez*, 819 P.2d 551, 554 (Colo. Ct. App. 1991), *reversed on other grounds*, 842 P.2d 245 (Colo. 1992). This process ensures that Defendant does not expend "unnecessary time and costs in defending professional negligence claims" by "weed[ing] out frivolous claims at an early stage of the judicial process." *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. Ct. App. 2002) (citation omitted).

Defendant contends that of the three original claims brought by Plaintiff, his claims relating to Defendant's failure to timely notify him of the missing clamp and to remove the

2

clamp after its discovery are subject to the certificate of review requirement to test whether such claims support a finding of negligence. *Defendant's Motion* [#15] at 3. Defendant concedes, however, that Plaintiff's first claim regarding the failure to remove the clamp from Plaintiff's chest during the August 30, 2005 surgery, which is premised on a theory of *res ipsa loquitur*, does not require a certificate of review. *See Ochoa v. Vered*, 186 P.3d 107, 114 (Colo. Ct. App. 2008) (holding that when a foreign object is left in a patient, "a *prima facie* case of negligence is made out under the doctrine of *res ipsa loquitur*" (citation omitted)).

As noted above, Plaintiff did not respond to Defendant's Motion. Rather, Plaintiff filed a motion to amend his complaint to assert only a claim based upon *res ipsa loquitur*, i.e., a claim which seeks damages only for the conduct of leaving the clamp inside Plaintiff during the surgery. *See Plaintiff's Motion* [#26] at 2; *Proposed Amended Complaint* [#26-2] at 8-10. Defendant opposes Plaintiff's Motion for three reasons: (1) Plaintiff unduly delayed in seeking amendment of his complaint to Defendant's prejudice; (2) amendment would be futile; and (3) amendment cannot cure Plaintiff's failure to comply with Colo. Rev. Stat. § 13-20-602.

### A. Good Cause Pursuant to Fed. R. Civ. P. 16(b)

As a preliminary matter, I note that the deadline for Plaintiff to amend his complaint was July 18, 2009 [Docket No. 11]. Modification of a deadline set via a Scheduling Order cannot be made absent a showing of good cause. Fed. R. Civ. P. 16(b)(4). Plaintiff's Motion wholly neglects to address this issue and is subject to denial on this ground alone. However, I find that given that Plaintiff seeks to refine, as opposed to expand, his claims, good cause for amendment exists.

3

### B. Standard for Amendment Pursuant to Fed. R. Civ. P. 15

The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

#### 1. Undue Delay & Prejudice

Defendant argues that Plaintiff has been on notice of the requirement to file a certificate of review since the inception of his case. Pursuant to section 13-20-602, Plaintiff was required to file a certificate of review within sixty days of the filing of his complaint. Colo. Rev. Stat. § 13-20-602(1)(a). He did not do so. Further, Defendant first addressed the necessity of a certificate of review with Plaintiff in July 2008, yet it was not until October 2008 when Plaintiff took any action. *See Response* [#29] at 3. Despite Plaintiff's awareness of his obligation to file a certificate of review, Plaintiff did nothing until the time for him to respond to Defendant's Motion, wherein Plaintiff then sought leave to amend his complaint and to delete his negligence claims not premised on the theory of *res ipsa loquitur*.[1]

Defendant further argues that it would be prejudiced by amendment because discovery has already commenced regarding the claims asserted in the original complaint. *See id.* Although I do not disagree with Defendant's delay arguments and concur that

---

[1] The Court notes that Plaintiff's Motion, which is also a response to Defendant's Motion, is improper. Pursuant to D.C. Colo. L. Civ. R. 7.1(C), motions and responses must be filed separately, and should not be combined in a single document.

4

Plaintiff unreasonably delayed in seeking amendment, I note that the discovery deadline does not expire until February 13, 2009. I also note that Defendant has not articulated any concrete prejudice that it may suffer, nor can the Court presume any considering that amendment would narrow, rather than broaden, Plaintiff's case. Despite Plaintiff's undue delay in seeking amendment, the Court finds that justice supports allowing leave to amend in these circumstances.

### 2. Futility

Defendant argues that as Plaintiff's proposed Amended Complaint contains allegations that Defendant was negligent for failing to inform Plaintiff about the missing clamp and for failing to remove the clamp, a certificate of review is required despite the fact that Plaintiff no longer brings independent claims based on these allegations. *Id.* at 3-4. Accordingly, Defendant argues that amendment would be futile. Plaintiff did not file a reply to address this argument. Regardless, I note that Defendant does not assert any legal authority for its position that Plaintiff is required to file a certificate of review if the complaint merely contains allegations of negligence, but does not actually assert a mere negligence claim.

Both the statute and applicable caselaw support the conclusion that a certificate of review must be filed only when Plaintiff asserts claims for which expert testimony establishing negligence is required. *See State v. Nieto*, 993 P.2d 493, 503 (Colo. 2000) (recognizing that "the purpose of the statute [is] to provide an initial screening procedure for lawsuits founded upon professional negligence in an effort to eliminate, at the outset, meritless *claims*" (emphasis added)); *Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992) (noting that "the certificate of review is required only with respect to those *claims* of

5

professional negligence which require the plaintiff to establish a *prima facie* case by means of expert testimony" (first emphasis added)); *Williams v. Boyle*, 72 P.3d 392, (Colo. Ct. App. 2002) ("The requirement applies to any claim against a licensed professional that is based upon allegations of professional negligence and that requires expert testimony to establish a *prima facie* case . . . ."); *Tracz ex rel. Tracz v. Charter Centennial Peaks*, 9 P.3d 1168, 1174 (Colo. Ct. App. 2000) (agreeing that any claim where expert testimony was necessary "in order to establish a *prima facie* case on [plaintiff's] professional negligence claim . . . required [the filing of] a certificate of review"). According to the proposed Amended Complaint, Plaintiff is only seeking damages pursuant to one claim: his *res ipsa loquitur* claim related to Defendant's agents' failure to remove the surgical clamp during the surgery. Ample caselaw establishes that Plaintiff's burden to establish a *prima facie* case for such a claim does not include the necessity of presenting expert testimony regarding negligence. *See, e.g.*, *Ochoa*, 186 P.3d at 114; *Greenwell v. Gill*, 660 P.2d 1305, 1307-08 (Colo. Ct. App. 1982); *Mudd v. Dorr*, 574 P.2d 97, 100 (Colo. Ct. App. 1977). Moreover, Defendant has already conceded that this claim does not require a certificate of review.

Although the proposed Amended Complaint also contains allegations that Defendant should have informed Plaintiff in a more timely fashion of the missing clamp which may have permitted removal of the clamp, any damages relating to this conduct are likewise obtainable under the rubric of a *res ipsa loquitur* claim. *See* Colo. Jury Instruction 6.1 (defining recoverable damages for all claims asserting personal injuries). Separate mention of those allegations does not give rise to a separate or additional claim for damages. Further, I also note that as a result of his proposed amendment, Plaintiff may not present expert testimony in relation to any claim that Defendant failed to timely notify him of the

missing clamp or to timely remove the clamp after its discovery.  *See Martinez*, 842 P.2d at 249-51; *see also Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 628 (Colo. 1999) (holding that "[i]t [would be] improper for the trial court to accept the expert reports submitted by [plaintiff] in place of a certificate of review").  From this point forward, Plaintiff's case is limited solely to Defendant's liability to Plaintiff for leaving the surgical clamp in his chest during the August 30, 2005 surgery.  Given this holding, I find that Plaintiff's proposed amendment would not be futile.  Rather, it serves to narrow the claims at issue in this case and asserts a claim for which *prima facie* evidence of professional negligence is presumed.

  **C.**  **Effect of Amendment on Plaintiff's Failure to File Certificate of Review**

Defendant argues that Plaintiff's failure to comply with section 13-20-602 cannot be cured by amendment.  Defendant notes that "in the event a plaintiff does not file a certificate of review, there are only two procedural outcomes:  (1) 'the defense may move the court for an order requiring the filing of such a certificate' or (2) the complaint 'shall be dismissed.'"  *Response* [#29] at 4 (quoting Colo. Rev. Stat. § 13-20-602(2), (4)).  Defendant's rigid application of section 13-20-602 does not account for the present situation where Plaintiff seeks to amend his complaint to delete claims which require the filing of a certificate of review.  Moreover, in any circumstance, the Court retains discretion to determine whether a certificate of review is necessary.  *See Giron v. Koktavy*, 124 P.3d 821, 825 (Colo. Ct. App. 2005) (citing *Shelton*, 984 P.2d at 626-28); *Miller v. Rowtech, LLC*, 3 P.3d 492, 494 (Colo. Ct. App. 2000) (holding that section 13-20-602 is not jurisdictional; rather, "[t]he court has discretion to determine if a certificate of review is required").  This discretion is implicated in the present circumstances.  Given that I find that the interests of

7

justice and efficiency would be served by amendment, I also find that section 13-20-602 does not prohibit me from permitting amendment of the complaint and determining that no certificate of review is necessary on the remaining claim.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's Amended Complaint [Docket No. 26-3] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall respond to the Amended Complaint on or before **January 12, 2009**.

IT IS FURTHER **ORDERED** that the Amended Complaint waives Plaintiff's right to assert a separate negligence claim against Defendant for its failure to timely notify him of the missing clamp or its failure to remove the clamp after its discovery.

Dated: December 19, 2008

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge