IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Protective Order Under Rule 26(c), Federal Rules of Civil Procedure; and D.C. Colo. LCivR 30.2.A** [Docker No. 45; January 14, 2009] (the "Motion"). Defendant filed a Response in opposition to the Motion on the same day that it was filed [Docket No. 48].

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Plaintiff argues that Defendant's failure to serve him with a copy of a subpoena *duces tecum* to Plaintiff's bank justifies suspension of his deposition until Plaintiff can move to quash the subpoena. This argument lacks merit. First, based on Plaintiff's demand for damages for lost income and medical expenses, coupled with his interrogatory response indicating that he presently holds an account at the bank but cannot locate any documents pertaining to that account for the last year, see *Response* [#48] at 2, the Court can neither discern nor conceive of any proper basis for quashing the subpoena. Second, prior to filing of the Motion, defense counsel told Plaintiff's counsel that she had not received any

documents from the bank pursuant to the subpoena and that she did not intend to examine Plaintiff regarding bank records at his deposition. *Motion* [#45] at 3. Accordingly, suspension of the deposition on the basis of the subpoena was clearly unnecessary.

Plaintiff further argues that the deposition should be suspended because "it is abundantly clear that Defendant, through Ms. Cook's actions [relating to the subpoena], was planning to use, and is prepared to, use abusive, 'gotcha' deposition tactics." *Id.* The Court finds nothing in the pleadings that justifies this statement. On the contrary, defense counsel appears to have used a valid litigation tool to obtain discoverable information, and to have attempted to reasonably address Plaintiff's counsel's concern that he did not receive a copy of the subpoena by explaining that she had received no documents in response to the subpoena and the deposition would not cover any documents sought in the subpoena.

Finally, Plaintiff argues that the deposition should be suspended because he "is greatly at risk for emergency health complications due to the stress he is already under." *Id.* at 4. Plaintiff's counsel admits that he is "unable to ascertain Plaintiff's present medical condition, both physically and mentally, as it relates to his ability to withstand an entire day (or more) of deposition." *Id.* The Court finds that Plaintiff has not made an adequate showing that his health precludes his deposition at this time. Counsel's statements are insufficient to show that Plaintiff's current health prevents his deposition from proceeding, both because they are conclusory as to the threat against Plaintiff's health posed by a deposition, and because counsel is not a medical expert and openly admits that he has no knowledge of Plaintiff's current medical condition. *See generally SEC v. Misner*, 07-cv-01640-REB-MEH, 2007 WL 3232132, at *2 (D. Colo. Oct. 30, 2007) (unpublished decision)

(noting that protection from a party's deposition based upon deponent's health should be supported by sworn testimony or medical reports).

Moreover, the Court is well aware that this case relates to the fact that Defendant's agents left a surgical clamp in Plaintiff's chest after completion of heart surgery. At the time when Plaintiff filed this litigation, his medical condition was known and documented. There is no legal basis for excusing or delaying Plaintiff's deposition without an adequate showing, by appropriate medical evidence, that Plaintiff's health will suffer from being deposed. Such a showing must be strong indeed, given that Plaintiff is a voluntary litigant in a federal court civil case. Absent extraordinary circumstances which do not appear to be present here, all federal court civil litigants are required to provide appropriate discovery pursuant to the Federal Rules of Civil Procedure, including appearing for a deposition. Fed. R. Civ. P. 30(a)(1).

IT IS FURTHER **ORDERED** that the parties shall reschedule Plaintiff's deposition at a time and date convenient to them prior to expiration of the discovery deadline of February 13, 2009.

IT IS FURTHER **ORDERED** that the deposition shall be taken in the Byron Rogers United States Courthouse, 1929 Stout St., Denver, CO 80294, under the supervision of Magistrate Judge Mix. Counsel shall notify Chambers (303.335.2770) at least one week in advance of the date and time for the deposition so that suitable room arrangements can be made.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5), Plaintiff shall provide good cause in writing as to why he should not be required to

reimburse Defendant for the cost associated with the cancellation of Plaintiff's deposition, consisting of the $225.00 charge incurred by Defendant for employing a videographer and court reporter. Plaintiff shall file his response on or before **February 6, 2009**.

IT IS FURTHER **ORDERED** that prior to filing future discovery motions, the parties **shall conference together and contact the Court (303.335.2770) to seek immediate resolution of the dispute**.

Dated: January 14, 2009