IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on four pending discovery motions filed by the parties and a third-party subpoena recipient [Docket Nos. 30, 31, 34 & 42] (the "Motions"). The Motions, and related briefings, all relate to the same discovery dispute, i.e., whether Plaintiff's psychotherapist should be required to respond to a subpoena issued by Defendant seeking Plaintiff's medical records. The key, undisputed fact in relation to this dispute is that Plaintiff executed a "Patient Authorization to Release Psychotherapy Information" of "[a]ll records of psychological or psychiatric testing or treatment, including complete chart, audio and visual recordings, and psychotherapy notes, and . . . [b]illing records." *Release* [#42-8] at 4.

    Plaintiff and his psychotherapist, Dr. Deneen R. Gammons, Ph.D, object to the production of all medical information called for by Defendant's subpoena. *Subpoena* [#31-14]. In support of their position, Plaintiff and Dr. Gammons argue that disclosure of Plaintiff's medical records is prohibited by (1) Colorado law, Colo. Rev. Stat. § 12-43-218;

(2) the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. §§ 164.102-.534; and (3) the APA Ethical Principles of Psychologists and Code of Conduct ("APA Ethics Code"). Remarkably, neither Plaintiff nor Dr. Gammons comprehend the implication of Plaintiff's medical release on their arguments. Upon review of the parties' pleadings on this issue, I find that Plaintiff's and Dr. Gammons' positions are frivolous and waste the Court's and the parties' resources.

IT IS HEREBY **ORDERED** that Motion Nos. 30, 31 & 34 are **DENIED**.

IT IS HEREBY **ORDERED** that Motion No. 42 is **GRANTED**. My ruling is explained below.

Motion Nos. 30, 31 & 34 are woefully inadequate and fail to account for the fact of Plaintiff's execution of the medical release. Although arguably not necessary, I address the three primary justifications asserted by Plaintiff and Dr. Gammons to avoid discovery of Plaintiff's medical records. While Colo. Rev. Stat. § 12-43-218, HIPAA, and the APA Ethics Code all limit disclosure of a patient's medical information, such disclosure is nevertheless permitted with the consent of the client. *See, e.g.*, Colo. Rev. Stat. § 12-43-218(1); 45 C.F.R. §§ 164.502(a)(1)(iv), .508(a)(2); *APA Ethics Code* Parts 4.05, 9.04 (2002). To the extent that Plaintiff's and Dr. Gammons' positions can be interpreted to suggest that a state statute, federal regulations, or medical ethical provisions serve to limit Plaintiff's unconditional medical release, they provide no authority for this position. *See, e.g.*, *Dr. Gammons' Motion* [#30] at 2-3; *Plaintiff's Motion* [#31] at 5; *Dr. Gammons' Response* [#54] at 2-3. Particularly, I note that Plaintiff's and Dr. Gammons' pleadings appear to assume, without support, that HIPAA regulations preempt Plaintiff's broad release and, therefore,

2

limit the records that Dr. Gammons is obligated to produce. There is no legal or factual basis for this assumption, and the release contains no such limitation. Accordingly, I find these arguments to be frivolous.

By contrast, I note that the arguments advanced by Defendant in Motion No. 42 are sound and well-supported by case law.[1] I also note that neither Plaintiff nor Dr. Gammons attempt to rebut (1) that Plaintiff's execution of a medical release operates as a waiver of the psychotherapist-patient privilege, to the extent that such a privilege applies; (2) that Plaintiff waived the privilege by putting his mental health at issue; and (3) that Colorado law, HIPAA, and the APA Ethics Code do not protect Plaintiff's medical records from discovery where he has executed a medical release. The failure to address these arguments is fatal to Plaintiff's and Dr. Gammons' ability to meet their burden in opposition to Motion No. 42.

I briefly mention several additional arguments advanced by Plaintiff and Dr. Gammons to prevent disclosure of Plaintiff's medical records. Plaintiff argues that his medical records cannot be produced absent the entry of a protective order or adequate notice to him pursuant to 45 C.F.R. § 164.512(e)(1). *See Plaintiff's Motion* [#31] at 5-6. However, I note that section 164.512 is not implicated where written authorization for disclosure exists. *Compare* 45 C.F.R. § 164.508 (noting that disclosure of records is

---

[1] Defendant informs the Court that Plaintiff refused to confer pursuant to D.C. Colo. L. Civ. R. 7.1(A) regarding the relief requested in Motion No. 42. *Motion* [#42] at 1. It is never appropriate for a party to refuse to confer regarding a motion "until the Court has ruled on" another pending dispute. *See id.* The duty to confer is not conditional, optional or voluntary. Parties are obligated to make good faith efforts to confer at all times, which includes a duty to provide a response regarding a proposed motion. Plaintiff's refusal to confer regarding the substance of Motion No. 42 is inappropriate.

3

permitted where written authorization exists), *with id.* § 164.512 (noting that this section applies where written authorization does not exist). In addition, Dr. Gammons contends that producing the medical records called for by the subpoena imposes an undue burden. *Dr. Gammons' Response* [#54] at 2. However, I note that Dr. Gammons fails to substantiate this contention in any meaningful way. *See Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003) (holding that it is the nonmoving party's burden to show why a discovery request is objectionable, and that burden cannot be sustained merely by asserting "boilerplate claims that the requested discovery is" burdensome without further substantiation); *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004) (same).

Finally, I note that Dr. Gammons' is proceeding *pro se.* However, Dr. Gammons' Response to Motion No. 42 [Docket No. 54] was docketed via the electronic case filing system ("ECF") by counsel for Plaintiff. Such an action improperly circumvented the procedures set forth in the Electronic Case Filing Procedures for the District of Colorado (Civil Case), version 3.0, effective December 1, 2007 ("Electronic Filing Procedures"). Specifically, Section II.B specifies that attorneys admitted to practice in this Court are required to register as participants of Pacer and ECF, and "after registration is approved by the Court, the clerk's office will send the attorney's ECF login to the attorney's email account. The ECF account is the possession of the attorney, not the firm, and responsibility for maintenance is the attorney's." Section IV.B states: "No attorney shall permit or cause to permit his or her login and password to be used by anyone other than a person whom the attorney has authorized to file in the attorney's name." Section IV.C states: "An attorney . . . is responsible for all documents filed using his or her login and

password, and is subject to sanctions under Fed. R. Civ. P. 11." Lastly, ECF registration procedures clearly articulate that although *pro se* filers may register for an ECF account, unless they are authorized to file in ECF, "*pro se* filers must file their documents in paper." ECF Account Registration, http://www.cod.uscourts.gov/ CMECF/CMECF_ActReg.aspx (last visited Feb.6, 2009) (emphasis added).

Dr. Gammons (1) is not a participant in Pacer and ECF; (2) is therefore not permitted to use ECF without registering and receiving a login; and (3) cannot be authorized to file pleadings in the name of Plaintiff's attorney because Dr. Gammons is not a licensed attorney admitted to practice in this Court. Thus, Plaintiff's attorney violated the the Court's Electronic Filing Procedures by filing Dr. Gammons' Response via ECF through his own account. **Further violations of these procedures will result in the imposition of sanctions against Plaintiff's attorney pursuant to Rule 11 and/or revocation of his ECF privileges.**

IT IS FURTHER **ORDERED** that Dr. Gammons shall respond to Defendant's subpoena on or before **February 20, 2009**.

Dated: February 6, 2009

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge