IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States,

    Defendant.
_____

**ORDER REQUIRING PRODUCTION OF PLAINTIFF'S MEDICAL RECORDS**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **(Joint) Motion to Alter or Amend Court Order (Docket No. 78), Filed by Plaintiff and Interested Party, Deneen R. Gammons, Ph.D.** [Docket No. 80; Filed March 23, 2009] ("Motion #80") and the **(Joint) Motion for Protective Order Under: Rule 26(c), Federal Rules of Civil Procedure; and D.C.Colo. LCivR 30.2.A, Filed by Plaintiff and Interested Party, Deneen R. Gammons, Ph.D.** [Docket No. 82; Filed March 23, 2009] ("Motion # 82").

This lawsuit was filed on April 15, 2008 [Docket No. 1]. It involves a single claim for medical malpractice [Docket No. 38]. Plaintiff's damages relate primarily to alleged emotional injuries [Docket No. 42-3]. Defendant has been trying to obtain records from Plaintiff's psychologist, Dr. Gammons, who was apparently hired after commencement of this litigation, since approximately June 2008 [Docket No. 42-5]. Plaintiff originally executed releases of medical records, but then objected to producing Dr. Gammons' records on various bases lacking in legal merit. The Court therefore ordered production

of Dr. Gammons' records on February 6, 2009 [Docket No. 56]. In response, Plaintiff unilaterally revoked the releases he had signed for medical records and, together with Dr. Gammons, sought to prevent production of his medical records. The Court again ordered production of those records after a hearing held on March 20, 2009 [Docket No. 78]. As explained at the hearing, there is simply no legitimate legal basis for Plaintiff's and Dr. Gammons' contention that the records should not be produced. They are clearly discoverable. Plaintiff's obstructionist conduct and Dr. Gammons' failure to produce the medical records are inexcusable.

At the hearing, Dr. Gammons contended that the Court should enter a protective order pertaining to certain unexplained testing materials included in her records regarding Plaintiff, on the basis that those materials allegedly contain trade secrets and are subject to copyright protection. The Court explained to Dr. Gammons that ordinarily the parties submit a proposed protective order to address such issues regarding production of certain documents, but they have not done so here. Accordingly, the Court included in its Order a requirement that all documents produced by Dr. Gammons (among others) are to be used solely for the purposes of this litigation, and that any other use is not permitted absent express permission from the Court. *Order* [#78] at 2.

In Motion #80, Plaintiff and Dr. Gammons apparently ask the Court to impose a myriad of other conditions on production of the testing materials pertaining to Plaintiff. Each of the conditions desired by Plaintiff and Dr. Gammons is "recommended" by the publisher or distributor of the testing materials, an organization apparently called "Pearson Assessment" or "NCS Pearson," which is not a party to this litigation. That organization "recommends" that before its materials are produced, the producing party obtain a

protective order which: (1) restricts access to the materials "to the most limited audience possible, preferably only to individuals who satisfy NCS Pearson's qualification policy," whatever that might be; (2) restricts copying of the test materials; (3) requires the inclusion of a restrictive legend on the produced materials indicating that the test materials are subject to a protective order and "may be used solely for limited purposes in connection with the specified case," (4) requires return or destruction of the materials at the conclusion of the proceedings; and (5) requires that the records be sealed "to the extent any portion of such materials are disclosed in pleadings, testimony or other documents" [Docket No. 80-3].

IT IS HEREBY **ORDERED** that Motion #80 is **DENIED**. Plaintiff and Dr. Gammons' request far exceeds what is necessary to protect them from "annoyance, embarrassment, oppression, or undue burden or expense," which are the only grounds for entry of a Protective Order permitted pursuant to Fed. R. Civ. P. 26(c)(1). Moreover, the conditions which Plaintiff and Dr. Gammons seek to impose are either improper (limiting disclosure to individuals who meet an unexplained qualification policy or sealing the record without first following the procedure required by D.C.Colo.LCivR 7.2(B)), or they are inherent in the Court's existing Protective Order (limitations on copying, destruction of materials at the conclusion of this litigation, and including a "restrictive legend" that the documents may only be used for purposes of the litigation). Because I have already ordered that the materials may only be used for purposes of this litigation, I have necessarily limited copies to only those necessary for the litigation, required return or destruction of the materials at the conclusion of the litigation and already made clear that the documents are produced for a limited purpose, i.e., use in this litigation. Therefore, no "restrictive legend" is necessary.

In Motion #82, Plaintiff and Dr. Gammons request that I stay my previous Order [#78] while I consider Motion #80.  As I now deny Motion #80,

IT IS HEREBY **ORDERED** that Motion #82 is **DENIED**.

IT IS FURTHER **ORDERED** that Dr. Gammons shall produce all records in her possession pertaining to Plaintiff to Defendant's attorney on or before **March 24, 2009 at 5:00 p.m.**  This Court will entertain no further motion to avoid production of these materials. **Failure to timely comply with this Order shall subject Dr. Gammons and/or Plaintiff to sanctions, including sanctions for contempt.**

Dated:  March 24, 2009

>BY THE COURT:
>
> s/ Kristen L. Mix
>U.S. Magistrate Judge
>Kristen L. Mix