IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States,

      Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
REGARDING ORDER TO SHOW CAUSE**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on an **Order to Show Cause** dated February 26, 2009 [Docket No. 68].  The Court has reviewed the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that counsel for Plaintiff, Derek W. Cole, be found in civil contempt of the Court's Orders dated February 6, 2009 [Docket No. 56] and February 26, 2009 [Docket No. 68].

**I.  Certification of Facts**

     This case involves a medical malpractice lawsuit arising from a surgery performed by Defendant's agents on Plaintiff [Docket No. 38].  It is undisputed that on August 30, 2005, Defendant's agents left a surgical clamp in Plaintiff's chest and that the clamp remains in Plaintiff's chest.  Plaintiff's Amended Complaint asserts a single claim based upon *res ipsa loquitur*, i.e., a claim which seeks damages for the conduct of leaving the

clamp inside Plaintiff, for which *prima facie* evidence of professional negligence is presumed.  The circumstances at issue here are as follows.

On February 6, 2009, I issued an Order relating to discovery motions [Docket No. 56].  In that Order , I explained the Court's Electronic Case Filing  ("ECF") Procedures, and noted that non-party Dr. Deneen Gammons' Response to Defendant's Motion to Compel her to respond to a subpoena [Docket No. 54]  "was docketed via the electronic filing system by counsel for Plaintiff."  *Order* [#56] at 4.  This conclusion was based on a review of the Court's ECF docket for this case, which clearly shows that Docket No. 54 was filed by Mr. Cole, the attorney for Plaintiff.  My Order stated:  "Plaintiff's attorney violated the Court's electronic filing procedures by filing Dr. Gammons' Response via ECF through his own account. **Further violations of these procedures will result in the imposition of sanctions against Plaintiff's attorney pursuant to Rule 11 and/or revocation of his ECF privileges**."  *Id.* at 5.  It is important to note that my Order did not state that Plaintiff's attorney allowed Dr. Gammons to use his ECF account.  Instead, the Order stated that Plaintiff's attorney filed the pleading for her by using his own ECF account, which is apparent from the face of the docket in this case.  *See id.* at 4-5.

On February 20, 2009, Plaintiff's counsel filed Dr. Gammons' Motion for Protective Order and Proposed Order using his own ECF account, as an attachment to a pleading titled, in part, "Notice of Missing Court Document(s)" [Docket No. 62].  Plaintiff's counsel stated that Dr. Gammons attempted to file these pleadings with the Clerk's office but "for some unexplained reason" her Motion for Protective Order was not received for filing before the close of business on that day, so he filed it for her "to correct this discrepancy and also assist Dr. Gammons, a non-lawyer . . . and for the **additional** purpose of **completeness**."

2

*Notice* [#62] at 2.  Plaintiff's counsel not only admitted that he filed Dr. Gammons' pleadings "hereby, personally and utilizing his own ECF account," but that he had also done so previously with respect to her Response to the Defendant's Motion to Compel, the precise conduct for which he was admonished in the Court's earlier Order.  *Id.* (citing *Order* [#56]).

As a result of this second admitted violation of the Court's ECF Procedures, I issued an Order to Show Cause directing Plaintiff's counsel to show cause why he should not be held in contempt of Court for actions taken in defiance of my prior Order [Docket No. 68]. I held a hearing on that issue on April 13, 2009 [Docket No. 91].  Despite my clear Order setting the matter for hearing, Plaintiff's counsel failed to attend the hearing or inform the Court in advance of any scheduling conflicts.

Prior to the hearing, on March 16, 2009, Plaintiff filed an untimely Response to the Order to Show Cause [Docket No. 74].  His Response was due on March 13, 2009 [Docket No. 68].  Although he filed at least one pleading on March 13, 2009, he claims that he was unable to file his Response to the Order to Show Cause on this day due to computer and ECF problems.  *Response* [#74] at 1.  In his Response, Plaintiff's counsel claims that until the Court's February 6, 2009 Order, he did not realize he could not use his ECF account to docket pleadings on behalf of a *pro se* party.  *Id.* at 2.  Despite this admitted knowledge, Plaintiff's counsel contends that he filed Dr. Gammons' pleadings on February 20, 2009 "as an 'officer of the court,' and one required to alert the court of any known (or noted) problems or discrepancies he saw in the processing of this case," such as to "alert the court that the clerk's office made a mistake . . . ."  *Id.* at 3.  Finally, Plaintiff's counsel suggested that the Court's February 6, 2009 Order falsely accused him of surrendering his ECF account to Dr. Gammons for her own personal use.  *Id.* at 2.

3

At the April 13, 2009 hearing, I noted that Plaintiff's counsel is no stranger to federal court litigation in this District, having been counsel of record in nineteen cases filed in this Court since March of 2001. I also noted that the Court began requiring use of the ECF system in civil cases in June of 2005; Mr. Cole has been counsel of record in eleven cases since that time.

In addition, I noted that Plaintiff's counsel has filed pleadings which contain impertinent and scandalous allegations against the Court. For example, in Docket No. 57, he referred to the Court's previous Order explaining the ECF Procedures as containing a "**scathing** and **unjustified** rebuke of Plaintiff, Plaintiff's counsel and Interested Party Deneen R. Gammons, Ph.D." *Response* [#57] at 1. A mere reading of the Court's February 6, 2009 Order establishes that Plaintiff's counsel's interpretation of that Order is patently incorrect. *See Order* [#56] at 4-5. Further, in Docket No. 57, Plaintiff's counsel stated that the Court has made "**false** and **unsubstantiated** allegations" against him, and that he and his client "have (absolutely) no confidence that this Honorable Court is, or will remain, **impartial** in this case." *Id.* In Docket No. 62, he stated that he filed Dr. Gammons' Motion for Protective Order so as "not leave her vulnerable to any **false** 'claims,' by anyone, that she 'willfully' failed to comply" with Court Orders, and stated that the Court made "**erroneous** and **uninvestigated** allegations" against him. *Notice* [#62] at 2. In his untimely Response to the Order to Show Cause [Docket No. 74], Plaintiff's counsel persisted in representing that the Court "without any investigation or evidence to support such erroneous and prejudgmental allegations, incorrectly assumed and falsely accused the undersigned counsel of allowing Interested Party, Dr. Deneen R. Gammons, Ph.D., to use his ECF account to file her Response to Motion." *Response* [#74] at 2. This, again,

4

is patently incorrect.  My Order clearly stated that Mr. Cole filed Dr. Gammons' pleadings for her, as is reflected in the docket, NOT that he allowed her to use his ECF account.  *See Order* [#56] at 4.  In addition, Docket No. 74 accused the Court of "a clear and growing (and demonstrable) intolerance (on this case) for actions, positions, and assertions of rights by the Plaintiff, the undersigned counsel, and Dr. Gammons; so much so that the court is (now) compelled to make false allegations . . . against the foregoing individuals – <u>without</u> conducting <u>any</u> investigation, or gathering <u>any</u> evidence, to support such false allegations."  *Response* [#74] at 4.

## II.  Analysis

Pursuant to 28 U.S.C. § 636(e)(6)(B), "[u]pon the commission of any such act . . . (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where . . . (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge . . . ."  As this case has been referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) in an Order of Reference entered by Chief District Judge Wiley Y. Daniel [Docket No. 3], it is within my authority to certify facts to Chief Judge Daniel regarding Plaintiff's counsel's acts in contempt of Court.

It is well settled that "[a] district court has broad discretion in using its contempt power to require adherence to court orders."  *United States v. Riewe,* 676 F.2d 418, 421 (10th Cir. 1982).  Civil contempt has a remedial objective and seeks to compel future compliance with Court Orders.  *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827-28 (1994).  To hold a person in civil contempt, the Court must find, by clear and convincing evidence, that (1) a valid Court Order existed; (2) the contemnor had knowledge of that Order; and (3) the contemnor disobeyed the Order.  *FTC v. Kuykendall*, 371 F.3d

745, 756-57 (10th Cir. 2004).   Once a *prima facie* case is established, the alleged contemnor must produce evidence explaining his noncompliance.  *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (citations omitted); *see also* 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2960 at 381-82 (2d ed. 1995).  While evidence that a contemnor violated a prior Order in good faith may absolve the contemnor of wrongdoing, when "it is clear that [the contemnor] made a conscious decision, based upon an unreasonable interpretation of [a prior] order, . . . it cannot be said that [the contemnor has] taken all reasonable steps to ensure compliance."   *Hart's Rocky Mtn. Retreat, Inc. v. Gayhart*, No. 06-cv-01235-WDM-BNB, 2007 WL 2491856, at *2 (D. Colo. Aug. 29, 2007) (unpublished decision).

In this case, I find by clear and convincing evidence that each of the requisite elements of civil contempt has been met.  Although a finding of willfulness is not required, see 11A Wright et al., *supra*, sec. 2960, at 381-82, I find that Plaintiff's counsel willfully violated the Court's February 6, 2009 Order by filing Dr. Gammons' pleadings using his ECF account.  This Order was clearly "valid" and supported by published ECF Procedures. *See Order* [#56] at 4-5.  Plaintiff's counsel clearly received proper notice of the February 6, 2009 Order, as well as the Order to Show Cause setting the matter for hearing, because he responded to both [Docket Nos. 57, 62 & 74].  In addition, at a discovery hearing held on March 20, 2009 relating to production of Plaintiff's psychological records, the Court reminded Plaintiff's counsel that the reasonableness of his ECF filing conduct was the subject of a later hearing.   *Transcript* [#86] at 22.19-.25.  From this history, I can only conclude that Plaintiff's counsel failed to appear at the Order to Show Cause hearing, negligently or otherwise.

6

While the Due Process Clause requires that a contemnor be given reasonable notice and an opportunity to be heard, *Kuykendall,* 371 F.3d at 754, a hearing is not required in every case where civil contempt is sought.   For instance, the Court is not required to conduct an evidentiary hearing where there are no genuine issues of material fact, the accused contemnor had ample notice and opportunity to respond, and the parties did not request a hearing.   *Gayhart,* 2007 WL 2491856, at *1 (citations omitted); *see also United States v. McVeigh*, 896 F. Supp. 1549, 1555 (W.D. Okla. 1995).   I have not been presented with any disputes of material fact.   Plaintiff's counsel responded to the Order to Show Cause in writing on March 16, 2009 [Docket No. 74].   He failed to explain why Dr. Gammons could not have attempted to refile her pleadings on her own, or to provide any sufficient basis for his admitted violation of my February 6, 2009 Order.   He neither requested an evidentiary hearing nor appeared at the hearing this Court set on its own initiative.   Under the particular circumstances of this case, I find that the requirements of due process have been satisfied.

Having found that Plaintiff's counsel had knowledge of and disobeyed this Court's valid Orders, I must consider appropriate sanctions.   When civil contempt occurs, "the court must consider 'the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'"   *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quoting *United States v. United Mine Workers,* 330 U.S. 258, 304 (1947)).   The sanctions imposed in cases of civil contempt can range from a coercive fine, a compensatory fine, attorneys' fees and costs, or coercive incarceration, but should not be greater or more onerous than is necessary to achieve compliance.   *United States v.*

7

*Chastain*, No. 06-cv-50, 2007 WL 737511, *2 (M.D. Ga. Mar. 7, 2007) (unpublished decision) (quoting *Mercer v. Mitchell,* 908 F.2d 763, 768 n.9 (11th Cir. 1990)).

As I noted at the Order to Show Cause hearing, the Court is indeed intolerant of violations of the Court's ECF Procedures and Court Orders, and of the making of false, scandalous and impertinent allegations against the Court.   *See generally* Fed. R. Civ. P. 12(f).   Accordingly, the Court recommends that the District Judge assigned to this matter find that Plaintiff's counsel is in contempt of Court for:  (1) his clear defiance of my Order [#56] regarding the use of his ECF account to file pleadings on behalf of a *pro se* party without reasonable justification; and (2) his clear failure to comply with my Order [#68] requiring his attendance at the Order to Show Cause hearing.  I further recommend that he be sanctioned in the amount of $1000.00 for his flagrant violation of my Orders.  This is a reasonable amount given the amount of time the Court and Defendant have expended in addressing this matter, including issuing Orders, drafting a Recommendation, and setting, attending and/or conducting a hearing.  I further find that no lesser sanction would be effective considering Plaintiff's counsel's failure to attend the Order to Show Cause hearing and his overall disrespect for the Court related to this matter, as evidenced in his filed pleadings [Docket Nos. 57, 62 & 74].

### III.  Recommendation

In view of the facts certified above, IT IS HEREBY **RECOMMENDED** that:

1.     The Order to Show Cause be made absolute and that Plaintiff's counsel be found in civil contempt for his violations of the Court's Orders [Docket Nos. 56 and 68];

2.     Plaintiff's counsel be fined $1000.00 for his conduct set forth above; and

3.        Plaintiff's counsel be fined $100.00 for each additional document filed with the Court on behalf of a *pro se* party through his ECF account (excluding joint motions signed by Plaintiff's counsel and the *pro se* party).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  April 14, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix