IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on third-party subpoena recipient Deneen R. Gammons, Ph.D.'s and Defendant's pleadings related to the amount Defendant should be required to pay Dr. Gammons for production of Plaintiff's medical records pursuant to Defendant's subpoena [Docket Nos. 90 & 92]. At a March 20, 2009 hearing, the parties informed the Court of a dispute regarding the amount invoiced to Defendant by Dr. Gammons regarding production of Plaintiff's medical records. The Court ordered Dr. Gammons to submit an itemization of "all expenses [she] contends that she has incurred as a result of the order requiring production of the documents." *Order* [#78] at 2. The Court also ordered Defendant to "file a response to the itemization, indicating any objection thereto." *Id.* The Court informed the parties that it would determine the appropriate amount of reimbursement upon review of the parties' pleadings.

In her itemization, Dr. Gammons, who is proceeding *pro se*, contends that she should be reimbursed $20,621.74 for the production of forty-five pages of documents

requested by the subpoena. *Dr. Gammons' Itemization* [#90] at 1. Defendant responded in opposition to Dr. Gammons' itemization and contends that it should be required to pay her no more than $18.00. *Defendant's Response* [#92] at 3. The large discrepancy in the amounts set forth by Dr. Gammons and Defendant is attributed to Defendant's assertion that it should pay for only those copying and mailing costs certified by Dr. Gammons, and Dr. Gammons' inclusion of costs related to preparing pleadings seeking to quash or invalidate the subpoena and in response to Defendant's Motion to Compel, making a court appearance, conducting legal or statutory research, performing administrative and therapist services, reviewing materials, copying twelve pages of documents, purchasing mailing materials, driving to the post office, and mailing the documents.

According to Defendant, the standards set forth by the Colorado Department of Health and Environment obligate it to reimburse Dr. Gammons at a rate of no more than $16.50 for ten pages or fewer, $.75 per page for pages 11-40, and $.50 per page for each additional page thereafter [Docket No. 42-10 at 2]. *Defendant's Motion to Compel* [#42] at 10. Defendant also notes that the standards authorize that "[a]ctual postage or shipping costs and applicable sales tax, if any, also may be charged." *Id.* While it is unclear whether these standards require Defendant to reimburse Dr. Gammons for any portion of the present production, I note that Defendant does not object to reimbursing Dr. Gammons for the cost of copies and postage/mailing materials. Accordingly, I do not address the standards' applicability further and am not rigidly guided by the dollar amounts set forth therein to the extent that they deviate from the amounts set forth by Dr. Gammons in her itemization.

To the extent that Dr. Gammons seeks reimbursement for filing motions, preparing

paperwork in response to Defendant's Motion to Compel, making a court appearance, conducting legal or statutory research, performing administrative and therapist services, and reviewing materials, she provides no reasonable basis for either the amount of these fees, or for the proposition that they should be charged to Defendant. Pursuant to Fed. R. Civ. P. 37(a)(5), a party may be entitled to the "reasonable expenses incurred in [filing discovery motions], including attorney's fees" where that party *has prevailed* on the discovery motions. Here, although Dr. Gammons filed at least three discovery motions related to responding to Defendant's subpoena and also responded in writing to Defendant's Motion to Compel, she was not successful in her efforts to quash or invalidate the subpoena or to prevent production of the medical records sought. As the non-prevailing party, Dr. Gammons is not entitled to any expenses incurred in filing or responding to discovery motions, nor is she entitled to be reimbursed for her court appearance or mileage incurred to that end. While Dr. Gammons may be entitled to be reasonably compensated under certain circumstances pursuant to Fed. R. Civ. P. 45(c)(3)(C)(ii), she has cited no legal authority which entitles her to be reimbursed for filing discretionary motions or objections which the Court has found were unreasonable and not supported by law. Further, to the extent that Dr. Gammons includes charges for administrative and therapist services and review, these charges appear to bear no relation to the litigation regarding the subpoena or to production of the subpoenaed records and are therefore not appropriate for inclusion. Accordingly, I find that Dr. Gammons is entitled to payment for her copying and mailing costs only. *See generally Brown v. City of Maize, Kan.*, No. 07-1178-JTM, 2008 WL 754742, at *4 (D. Kan. Mar. 18, 2008) (unpublished decision) (authorizing subpoena recipient to be reimbursed for copying costs, but not for

legal or labor fees).

A review of Dr. Gammons' itemization reveals several charges related to the copying and mailing of the subpoenaed records. These charges include:

(1) copying services @ $.75 per page (color) – $7.50

(2) copying services @ $.50 per page (b/w) – $.50

(3) copying services @ $.50 per page (b/w) – $.50

(4) postage and mailing materials – $10.00

(5) certified mail plus mailing materials – $8.32[1]

The total amount of copying and mailing costs itemized by Dr. Gammons, as set forth above, is $26.82. Dr. Gammons' itemization contains charges for copying only twelve of the forty-five pages of documents produced in response to the subpoena. Defendant does not dispute receipt of thirty-three additional pages of records for which Dr. Gammons provides no itemization. I find that a reasonable charge for such copies is $.50 per page,[2] and therefore add $16.50 to the total copying and mailing costs certified by Dr. Gammons. To the extent that Dr. Gammons' itemization also includes duplicative charges for mileage to the post office totaling more than sixty miles driven, I decline to accept these amounts and distances as reasonable. In any event, I do not find that mileage charges for driving to the post office are expenses subject to reimbursement. Accordingly,

---

[1] The Court notes that the various invoices submitted by Dr. Gammons contain two separate charges for postage and certified mailing in identical dollar amounts. I find that these amounts are duplicative and decline to award them twice. The Court further notes that the entry on Dr. Gammons' March 23, 2009 invoice labeled "Copies for the 'HIPPA' information to AUSA, Cook" does not relate to production of the subpoenaed records.

[2] $.50 is the per page price charged by the United States District Court for the District of Colorado's Clerk's Office to the public for copying.

4

IT IS HEREBY **ORDERED** that on or before **April 30, 2009**, Defendant shall pay Dr. Gammons the amount of **$43.32** for the costs incurred by her in copying and mailing the subpoenaed medical records.[3]

Dated: April 14, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[3] Although payment for sales tax is contemplated by the Colorado Department of Health and Environment standards [Docket No. 42-10 at 2], such an award is left to my discretion, and I decline to impose a charge for sales tax herein. I have found no precedent for such an award in these circumstances.