IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN'S AFFAIRS, a federal agency of United States,

    Defendant.

**ORDER ADOPTING AND AFFIRMING MAGISTRATE JUDGE RECOMMENDATION REGARDING ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on the Recommendation of United States Magistrate Judge Regarding an Order to Show Cause, entered by Magistrate Judge Kristen L. Mix on April 14, 2009 [#94] ("Recommendation").  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), F<small>ED</small>. R. C<small>IV</small>. P. 72(b), D.C.COLO.LCivR. 72.1.

I.    <u>Background</u>

This is a medical malpractice case in which Plaintiff seeks damages for injuries caused when Defendant's agents left a surgical clamp in Plaintiff's chest following surgery.  This case was referred to Magistrate Judge Mix by a general Order of Reference, dated April 21, 2008 [#3].  On February 6, 2009, Magistrate Judge Mix issued an Order addressing various discovery motions.  In that Order, Magistrate Judge

-1-

Mix noted that a Response to Defendant's Motion to Compel prepared and signed by interested non-party Dr. Deneen Gammons was "docketed via the electronic filing system by counsel for Plaintiff." *See* Order, [#56] at 4.  Magistrate Judge Mix then explained that Dr. Gammons is not a registered Pacer and ECF user, is not permitted to use ECF, and "cannot file pleadings in the name of Plaintiff's attorney because Dr. Gammons is not a licensed attorney admitted to practice in this Court."  *See* Order, [#56] at 5.  Magistrate Judge Mix then warned that "[f]urther violations of [the Court's ECF] procedures will result in the imposition of sanctions against Plaintiff's attorney pursuant to Rule 11 and/or revocation of his ECF privileges."  *See* Order, [#56] at 5.  My own review of the Court's CM/ECF docket reveals that the "Response" in question is entry [#54] on the Court's electronic docket.  The text associated with the electronic docket entry indicates that the document filed is a "Response" to a Motion to Compel "filed by Interested Party Deneen R. Gammons."  However, the attorney associated with the electronic filing is Plaintiff's counsel, Derek W. Cole.

On February 20, 2009 [#62], counsel for Plaintiff filed a document entitled "Notice of Missing Court Document(s), To Wit: Motion for Protective Order Under: Rule 26(c), Federal Rules of Civil Procedure; and D.C.Colo.LCivR 30.2.A" (hereafter "Notice").  In the Notice, counsel for Plaintiff states that Dr. Gammons attempted to file a Motion for Protective Order in this case, but the clerk's office docketed only her proposed order.  Counsel then states that "[i]n order to correct this discrepancy and also assist Dr, [sic] Gammons, a non-lawyer, in complying with the Court's Orders . . . the undersigned counsel hereby, personally and utilizing his own ECF account (as was previously done

-2-

for Dr. Gammons with her RESPONSE TO MOTION . . . submits . . . the entire missing document, which includes Dr. Gammons [Motion for Protective Order]." *See* Notice, [#62] at 2.

Based on counsel's admission that he, once again, filed documents prepared and signed by Dr. Gammons using his ECF account, Magistrate Judge Mix entered an Order to Show Cause, dated February 26, 2009 [#68], requiring counsel for Plaintiff to "show cause in writing no later than March 13, 2009 why he should not be held in contempt of Court for acts taken in defiance of my prior Order [Docket No. 56]," and setting a contempt hearing for April 13, 2009. On March 16, 2009, three days after the deadline set forth in Magistrate Judge Mix's Order to Show Cause, counsel for Plaintiff filed a belated "Response to Show Cause Order." In the Response, counsel for Plaintiff states that the Response was filed late due to "problems the undersigned counsel experienced with his computer" and requests that the Response be accepted as timely. *See* Response, [#74] at 1-2. In the body of the Response, counsel for Plaintiff does not deny that he personally filed Dr. Gammons' Response to the Motion to Compel, but states that he did not know that he could not use his ECF account to transmit a pleading from someone properly listed as a "party" on a particular case. With regard to the subsequent incident involving misuse of his ECF account on February 20, 2009, counsel for Plaintiff explains that,"as an officer of the court" he was required to alert the Court that "the clerk's office made a mistake by accepting only Dr. Gammons' (proposed) order . . . without her supporting Motion for Protective Order." *See* Response, [#74] at 3. Counsel for Plaintiff then accuses the Court of making "false

-3-

allegations . . . against [undersigned counsel and Dr. Gammons] <u>without</u> conducing <u>any</u> investigation, or gathering <u>any</u> evidence, to support such <u>false</u> allegations." *See* Response, [#74] at 4.

It is undisputed that counsel for Plaintiff failed to appear at the contempt hearing on April 13, 2009. While counsel for Plaintiff filed a Motion for Judgement on the Pleadings on April 13, 2009, he did not attempt to explain his failure to attend the contempt hearing.

II.     Recommendation

Following the hearing, on April 14, 2009, Magistrate Judge Mix issued her Recommendation that the Order to Show Cause be made absolute, and that Plaintiff's counsel be found in civil contempt for his violations of the Court's Orders [#s 56 & 68]. The recommendation contains a Certification of Facts issued pursuant to 28 U.S.C. § 636(e)(6) that outlines the sequence of events discussed above. Magistrate Judge Mix then recommended that counsel for Plaintiff be fined $1,000.00 for the conduct set forth in the Recommendation, and be fined $100.00 for each additional document filed with the Court on behalf of a *pro se* party through his ECF account (excluding joint motions signed by Plaintiff's counsel and the *pro se* party). In the Recommendation Magistrate Judge Mix found by clear and convincing evidence that each of the requisite elements for civil contempt had been met, that Plaintiff's counsel willfully violated the Court's February 6, 2009 Order by filing Dr. Gammons' pleadings using his ECF account, that Plaintiff's counsel failed to appear at the contempt hearing, and that the belated Response to the Show Cause Order, as well as other pleadings filed by Plaintiff's

counsel, contain "impertinent and scandalous allegations against the Court." *See* Recommendation at 4, 6-8. In considering the appropriate sanction, Magistrate Judge Mix noted the amount of the monetary sanction was appropriate "given the amount of time the Court and Defendant have expended in addressing this matter, including issuing Orders, drafting a Recommendation, and setting, attending and/or conducting a hearing." *See* Recommendation at 8.

On April 24, 2009, counsel for Plaintiff filed a Response to the Recommendation which I will construe as an Objection to the Recommendation.[1]  *See* Objection, [#104]. On May 8, 2009, Defendant filed a Response to Plaintiff's Objection.  In the Objection, counsel for Plaintiff reiterates the arguments made in his Response to the Order to Show Cause, and additionally states that his failure to attend the contempt hearing was due to a scheduling mistake.

Pursuant to 28 U.S.C. § 636(e)(6), I must conduct an independent review Magistrate Judge Mix's Certification of Facts and the Recommendation to determine whether the facts certified constitute contempt and, if so, what sanctions are appropriate.  As an initial matter, I note that counsel for Plaintiff does not seriously dispute any of the certified facts in the Recommendation.  Moreover, I have conducted an independent review of the various orders, motions and responses filed, and I am satisfied that Magistrate Judge Mix's Certification of Facts contains an accurate record

---

[1] I note that Plaintiff filed an identical document entitled "Response to Recommendation of United Sates Magistrate Judge Regarding Order to Show Cause Order Entered by Magistrate Judge Kristen L. Mix [Docket No. 94]" on April 28, 2009 [#108].  The only difference between [#104] and [#108] is that [#108] is docketed under the heading "Objection" and [#104] is docketed as a "Response."

of the events that have transpired in this case.  Therefore, I proceed to determine whether the certified facts constitute contempt.  Civil contempt is appropriate when there is a showing by clear and convincing evidence of a party's violation of a valid court order.  *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)); *Fed. Trade Commission v. Kuykendall*, 371 F.3d 745, 751 (10th Cir. 2004).  Moreover, the Court has "'broad discretion in using its contempt power to require adherence to court orders.'"  *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, (10th Cir. 1992) (quoting *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982)).

Here, it is undisputed that Magistrate Judge Mix entered a valid order on February 6, 2009, specifically informing Plaintiff's counsel that he violated the Court's ECF Procedures by filing Dr. Gammons' Response through his ECF account, and warning counsel that, pursuant to the Court's ECF Procedures, further violations would result in sanctions.  It is undisputed that counsel for Plaintiff had notice of the existence of the February 6, 2006, Order.  Moreover, counsel for Plaintiff does not dispute that on February 20, 2009, he filed Dr. Gammons' Motion for Protective Order as an attachment to a pleading titled, in part, "Notice of Missing Court Documents," using his ECF account.  Counsel's explanation for his violation Magistrate Judge Mix's Order -that he was required as an officer of the court to alert the Court that Dr. Gammons' motion for protective order was not properly docketed - is not persuasive.  Counsel could have notified the Court or the clerk's office of the docketing problem without violating Magistrate Judge Mix's Order and the Court's ECF Procedures.  In addition, Plaintiff's counsel's statement in his Response to the Order to Show Cause that Magistrate Judge

Mix "incorrectly <u>assumed</u> and <u>falsely</u> accused the undersigned counsel of allowing Interested Party, Deneen R. Gammons, Ph.D, to use his ECF account to file her Response to the Motion," is incorrect. Magistrate Judge Mix never accused Plaintiff's counsel of surrendering his ECF account to Dr. Gammons for her own personal use; rather, Magistrate Judge Mix's Order of February 6, 2009, clearly informed Plaintiff's counsel that he was not use his ECF account to file documents signed and prepared by another party. In any case, it makes little difference whether counsel for Plaintiff allowed another Dr. Gammons to utilize his ECF account, or filed a document on behalf of Dr. Gammons using his ECF account as either course of conduct clearly violates the Court's ECF Procedures. In addition, I note that counsel's explanation that his failure to appear at the contempt hearing was due to a scheduling mistake is not compelling. Counsel was informed of the April 13, 2009, hearing date on February 26, 2009, well in advance of the hearing, and was reminded of the date at a subsequent hearing before Magistrate Judge Mix on March 20, 2009. Counsel for Plaintiff never informed the Court of any scheduling conflict and never attempted to have the hearing rescheduled.

Plaintiff's counsel also objects to the Recommendation on the basis that it erroneously "'recommends' that the undersigned counsel's efforts to 'zealously' represent Plaintiff also serve as 'grounds' for the imposition of 'sanctions' against the undersigned counsel." *See* Objection, [#104] at 3. According to counsel for Plaintiff, "the entire tone, content, and nature" of the Recommendation was designed to put the undersigned counsel in his place and chill exercise of counsel's First Amendment right to free speech. I disagree with counsel's characterization of the Recommendation.

Moreover, based on a review of the pleadings filed by Plaintiff's counsel including his Response to the Order to Show Cause and his Objection, in which he accuses the Court of "unethical" actions and "abysmal" treatment, I agree with Magistrate Judge Mix that Plaintiff's counsel has filed pleadings "which contain impertinent and scandalous allegations against the Court." *See* Recommendation at 4.

Finally, counsel for Plaintiff objects to the imposition of a $1,000.00 sanction. I find that given counsel's admitted violation of known and valid Court Order, and his failure to appear at the contempt hearing, the sanctions set forth in the Recommendation are appropriate.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Regarding Order to Show Cause, entered by Magistrate Judge Kristen L. Mix on April 14, 2009 [#94], is **AFFIRMED** and **ADOPTED**. In accordance therewith, it is

ORDERED that the Order to Show Cause is made absolute and Plaintiff's counsel, Derek W. Cole, is hereby found to be in civil contempt for his violations of the Court's Orders [#s56 & 68]. It is

FURTHER ORDERED that Plaintiff's counsel be fined $1,000.00 for the conduct set forth above, which shall be paid not later than **Friday, June 12, 2009**. It is

FURTHER ORDERED that Plaintiff's counsel be fined $100.00 for each additional document filed with the Court on behalf of a *pro se* party through his ECF account (excluding joint motions signed by Plaintiff's counsel and the *pro se* party).

Dated: May 12, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge