IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States,

    Defendant.

_____

**ORDER DENYING MOTION TO RECUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff and Interested Party's **(Joint) Motion to Recuse or Disqualify: [sic] Magistrate Judge Kristen L. Mix, Due to (Demonstrated) "Bias" and "Prejudice" Against Plaintiff, Plaintiff's Counsel, and Interested Party, Deneen R. Gammons, Ph.D., Filed by Plaintiff and Deneen R. Gammons, Ph.D.** [Docket No. 87; Filed April 2, 2009] (the "Motion").  The Court has reviewed the Motion, the Joint Supplement to Motion to Recuse [Docket No. 105; Filed April 24, 2009], Defendant's Response to Joint Motion to Recuse and Joint Supplement to Motion to Recuse [Docket No. 110; Filed May 4, 2009], the entire case file and is fully advised in the premises.  For the reasons set forth below, the Motion is **DENIED.**

**A.**    **Arguments**

As grounds for the Motion, Plaintiff asserts that I treated him in an "**insensitive** and **uncaring** way" during a settlement conference and blames me for the failure of the case

1

to settle. *Motion* [#87] at 4-5 (emphasis in original).[1]  Further, Plaintiff's counsel and Dr. Gammons assert that I spoke "condescendingly to, and disparagingly about" them at a hearing held in March of 2009, and infer that my alleged conduct was directed at them because of their race, which is African-American. *Id.* at 5.  Plaintiff's counsel contends that I should recuse myself pursuant to 28 U.S.C. § 455, which requires recusal where a judicial officer's impartiality "might reasonably be questioned." *Id.*[2]  Plaintiff's counsel seems to suggest that I should recuse myself because my "adverse rulings" have irreparably tainted the case ("As demonstrated To [sic] allow **Magistrate Judge Kristen Mix** to remain on this case will, Plaintiff believes, only continue to inure to the benefit of Defendant(s).  Finally, how can any official; through additional adverse rulings against Plaintiff's interests [sic]."). *Id.* at 6 (emphasis in original).

In addition, although his arguments are not entirely clear, Plaintiff's counsel takes issue with a number of my Orders and actions in this case.  First, he apparently contends that I issued erroneous discovery Orders which "abus[ed my] position as Magistrate Judge to '**Strong Arm and Threaten**' [his] office via a ***FRIVOLOUS*** court order to produce documents . . .," *Supplement to Motion* [#105] at 6-7 (emphasis in original), and which "completely disregard[ed his] professional judgment for [his] profession and career," *id.* at 8-9 (emphasis in original).  Second, he asserts that I was "kurt [sic] and non-attentive to what Dr. Gammons had to say" during a hearing. *Id.* at 9.  Third, he asserts that I entered

---

[1] Plaintiff's disclosure of any alleged information communicated during a settlement conference violates the Court's Order that all such settlement conferences "shall remain confidential." *Scheduling Order* [#11] at 17.  As the record in this case demonstrates, this is not the first time that Plaintiff's counsel has violated a Court Order. *See, e.g.*, *Recommendation* [#94] at 6; *Order* [#112] at 4, 6, 8.

[2] Plaintiff cites to 28 U.S.C. § 455(b)(2) for this proposition.  The correct citation is 28 U.S.C. § 455(a).

2

an Order which infringed on his "protected speech" and penalized him for zealous representation of his client. *Id.* at 10. He again accuses the Court of racial bias and "**misrepresent[ing]** the facts (as they exist), as well as [his] actions and/or explanations. . . ." *Id.* at 12 (emphasis in original).

For its part, Defendant asserts that the Motion and Supplement provide only "unsubstantiated suggestions, speculations, or opinions" regarding my judicial conduct, and that such allegations cannot be the basis for a decision to recuse. *Response* [#110] at 2.

**B.   Analysis**

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." In the Tenth Circuit, courts use a "reasonable person" standard in applying the statute. *See, e.g., Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable *factual* basis exists to call the judge's impartiality into question.").

The purpose of the statue is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993. Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). "'[U]nsubstantiated suggestions, speculations [and] opinions[]' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that

would warrant judicial recusal." *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1204 (10th Cir. 2006) (citation omitted).

Although Plaintiff's counsel's and Dr. Gammons' dissatisfaction with the Court is manifest, there is no basis for concluding that my impartiality in this matter might reasonably be questioned. Indeed, the Tenth Circuit has made clear that although recusal motions are frequently based upon speculation or beliefs, prior adverse rulings in the proceeding, and/or baseless personal attacks on the judge by a party, none of these circumstances warrants recusal. *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [Further], judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). In this case, the movants seek recusal based upon allegations about unfair treatment in a settlement conference, accusations that Orders I wrote (one which was later expressly affirmed by the District Judge and the others which Plaintiff failed to appeal) were improper, assertions that I was rude and dismissive to a non-party during a hearing, and accusations of racial bias. These allegations are not only utterly unsubstantiated, see *Nichols*, 71 F.3d at 351, but have been partially refuted by the District Court. In his Order Adopting and Affirming Magistrate Judge Recommendation Regarding Order to Show Cause, Chief Judge Wiley Y. Daniel wrote:

> Plaintiff's counsel also objects to the Recommendation on the basis that it erroneously "'recommends' that the undersigned counsel's efforts to 'zealously' represent Plaintiff also serve as 'grounds' for the imposition of 'sanctions' against the undersigned counsel." According to counsel for Plaintiff, "the entire tone, content, and nature" of the Recommendation was

>> designed to put the undersigned counsel in his place and chill exercise of counsel's First Amendment right to free speech. I disagree with counsel's characterization of the Recommendation. Moreover, based on a review of the pleadings filed by Plaintiff's counsel including his Response to the Order to Show Cause and his Objection, in which he accuses the Court of "unethical" actions and "abysmal" treatment, I agree with Magistrate Judge Mix that Plaintiff's counsel has filed pleadings "which contain impertinent and scandalous allegations against the Court."

*Order* [#112] at 7-8.

Simply put, there is no reason why my impartiality might *objectively* or *reasonably* be questioned in this case. The allegations and accusations made in the Motion, although unfortunate, are unsubstantiated. Both the case record and my lifelong history of fighting racism and promoting diversity speak for themselves. My duty remains to hear the case as assigned. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated:       May 27, 2009

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge