IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

　　　　Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States

　　　　Defendant.
_____

**ORDER REOPENING DISCOVERY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　　　This matter is before the Court on **Defendant's Motion to Reopen Discovery to Take the Deposition of Dr. Deneen R. Gammons** [Docket No. 88; Filed April 3, 2009] (the "Motion").  As the title of the Motion indicates, Defendant seeks permission to reopen discovery for the limited purpose of deposing Plaintiff's psychotherapist, Dr. Gammons.  Pursuant to Fed. R. Civ. P. 6 and D.C. Colo. L. Civ. R. 7.1(C), Plaintiff's response to the Motion was due on April 27, 2009.  Although Defendant indicates that the Motion is opposed, Plaintiff failed to file a response and apprise the Court of his position.

　　　　IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part** for the reasons set forth below.

　　　　As a preliminary matter, although the moving party bears the initial burden to justify its request to reopen discovery after it is closed, several of the factors that this Court considers in determining whether that request is appropriate turn on the alleged impact on the nonmoving party.  When no impact is alleged, or a party fails to explain his position, the

Court is left to speculate about the party's arguments.  Because it is not appropriate for the Court to assert arguments on a party's behalf, the Court resolves the Motion primarily on a consideration of Defendant's unrefuted pleadings.

The Tenth Circuit has set forth a six-part test for determining whether discovery should be reopened.  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  Specifically, the Court should consider (1) the imminence of trial; (2) whether the request is opposed; (3) prejudice to the nonmoving party; (4) whether the moving party was diligent in his efforts to obtain the information within the discovery deadline; (5) the foreseeability that additional discovery would be necessary prior to expiration of the deadline; and (6) whether the proposed discovery is likely to lead to the discovery of relevant evidence.  *Id.*  On balance, the Court finds that consideration of the above factors weighs in favor of reopening discovery.

As to the first factor, the Court notes that no trial date has been set in this matter.  As to the second and third factors, although the Motion is apparently opposed, no prejudice to Plaintiff has been articulated.  As to the fourth and fifth factors, prior to expiration of the discovery deadline, Defendant diligently attempted to obtain Plaintiff's medical records from Dr. Gammons.  Due to a lengthy discovery dispute, requiring the Court to issue three Orders compelling Dr. Gammons to comply with Defendant's subpoena [Docket Nos. 56, 78 & 84], Defendant did not receive Plaintiff's medical records in time to depose Dr. Gammons about any issues arising from the records.  Finally, as to the sixth factor, given that Plaintiff seeks damages related to emotional injuries, a deposition of Dr. Gammons is likely to lead to the discovery of relevant evidence.

Accordingly, the Court finds that Defendant's request to reopen discovery is

warranted. However, to the extent that Defendant requests that the Court order the deposition to occur no later than May 1, 2009, the Court notes that such date has already passed. Further, given that the reopening of discovery is limited to one deposition, it is not necessary to extend the discovery deadline.

IT IS FURTHER **ORDERED** that discovery is reopened for the limited purpose of permitting Defendant to conduct one, no more than seven-hour deposition of Dr. Gammons at a time and date agreed upon by all parties within the deadline set by the Court. In no event shall the deposition occur later than **June 30, 2009**.

IT IS FURTHER **ORDERED** that if disputes arise during the deposition, the parties shall contact the Court on a single line at **(303) 335-2770** to resolve the dispute.

IT IS FURTHER **ORDERED** that if disputes regarding the deposition or any other discovery issue arise prior to or after the deposition, **no opposed discovery motions shall be filed with the Court until the parties comply with D.C. Colo. L. Civ. R. 7.1(A). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue. Both of these steps must be completed before any future contested discovery motions are filed with the Court. Any discovery motion which is filed without following these prescribed steps <u>will be summarily stricken</u>.**

IT IS FURTHER **ORDERED** that the dispositive motions deadlines is extended to **July 17, 2009**.

IT IS FURTHER **ORDERED** that the Court *sua sponte* **vacates** the Final Pretrial Conference set for June 16, 2009 and **RESETS** it to **July 27, 2009 at 11:00 a.m.** in

Courtroom **C-204,** Second Floor, of the Byron Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado, 80294.

The parties shall submit their proposed pretrial order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures, **no later than July 20, 2009**. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures must be submitted in a useable format (i.e., WordPerfect) and shall be emailed to the Magistrate Judge at *Mix_Chambers@cod.uscourts.gov*.

Attorneys and/or pro se parties not participating in ECF shall submit their proposed pretrial order on paper to the Clerk's Office. However, if any party in this case is participating in ECF, it is the responsibility of that party to submit the proposed pretrial order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at [www.co.uscourts.gov](www.co.uscourts.gov). Instructions for downloading in richtext format are posted in the forms section of the website.**

Please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification. *See* D.C.COLO.LCivR 83.2B.

Dated: May 28, 2009

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge