IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN'S AFFAIRS, a federal agency of United States,

    Defendant.

## ORDER

THIS MATTER is before the Court Plaintiff's (Opposed) Motion for: Judgment on the Pleadings, in Favor of the Plaintiff, Filed Pursuant to Rule 12(c), Federal Rules of Civil Procedure, April 13, 2009 [#93].  Defendant filed a response to the motion on May 4, 2009.  To date, no reply has been filed.  By way of background, I note that this is a medical malpractice case in which Plaintiff seeks damages for injuries caused when Defendant's agents left a surgical clamp in Plaintiff's chest following surgery.

Plaintiff has moved, pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings, and requests that I "enter judgment for him on the issue of 'fault,' based on the 'presumed' negligence of Defendant(s) (under the doctrine of *res ipsa* loquitur), and order such damages hearings, or other relief, as the Court deems just and proper."  Generally, courts review a motion for judgment on the pleadings using the same standard as a motion under Rule 12(b)(6).  *Ward v. Utah*, 321 F.3d 1263, 1266 (10th

Cir. 2003).  I would also note that a Rule 12(c) motion "is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings . . . ."  *See* Wright & Miller, 5C *Federal Practice and Procedure*: Civil 3d § 1367, p. 206-7.  However, a motion for judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court."  *Id.* at p. 207-8.

In these proceedings, Plaintiff asserts a single claim for relief for negligence based on *res ipsa loquitur*.  *Res ipsa loquitur* is a rule of evidence that gives rise to a rebuttable presumption of the defendant's negligence, but it does not create a substantive claim for relief.  *Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109, 1114 (Colo. 1991).  In order to prevail on a negligence claim a plaintiff must show "(1) a legal duty the defendant owes to the plaintiff, (2) the defendant's breach of that duty, and (3) an injury to the plaintiff that is (4) proximately caused by the defendant's breach." *Dotson v. Bernstein*, 2009 WL 540645 (Colo. App., Mar. 5, 2009).  Here, Defendant has admitted that a surgical clamp was left in Plaintiff's chest following surgery, and that this conduct did not meet the standard of care, but denies that Plaintiff has sustained injuries or damages directly or proximately related to its conduct.  Therefore, while Defendant has conceded the issue of liability, it has not conceded the issue of causation and damages.  To prevail on his negligence claim Plaintiff must still demonstrate "an injury to plaintiff that is proximately caused by the defendant's breach."  There is no provision under the Federal Rules of Civil Procedure for a plaintiff to obtain "judgment"

on some but not all of the elements of his claim for relief.  Before any judgment can be awarded Plaintiff he must demonstrate that he has sustained injuries or damages that were proximately caused by Defendant's failure to remove the surgical clamp following his surgery.

For the reasons set forth herein, it is hereby

ORDERED that Plaintiff's (Opposed) Motion for: Judgment on the Pleadings, in Favor of the Plaintiff, Filed Pursuant to Rule 12c, Federal Rules of Civil Procedure, April 13, 2009 [#93] is **DENIED**.

Dated:  June 17, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge