IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

 Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN'S AFFAIRS, a federal agency of United States,

 Defendant.

## ORDER

 THIS MATTER is before the Court Plaintiff's Counsel's (Opposed) Motion for: Leave to Pay Civil Contempt Monetary Sanctions, as Ordered by [Docket No. 112] Out of:  (1) Counsel's Fees From Judgment for Plaintiff; (2) Counsel's Fees From Settlement Monies Paid to Plaintiff; or (3) Counsel's Fees, as Awarded by the Court, to Plaintiff (as the "Prevailing" Party), filed June 12, 2009 [#116] (hereinafter the "motion").  A hearing on the motion was held on Wednesday, June 17, 2009.

 By way of background, I note that this is a medical malpractice case in which Plaintiff seeks damages for injuries caused when Defendant's agents left a surgical clamp in Plaintiff's chest following surgery.  Defendant has admitted that a surgical clamp was left in Plaintiff's chest, and that this conduct did not meet the standard of care, but denies that Plaintiff has sustained injuries or damages directly or proximately related to its conduct.  This case was referred to Magistrate Judge Mix by a general

Order of Reference dated April 21, 2008 [#3].  On May 12, 2009, I adopted and affirmed Magistrate Judge Mix's Recommendation that counsel for Plaintiff be found in civil contempt for his violations of various court orders, and ordered that Plaintiff's counsel be fined $1,000.00 to be paid not later than Friday, June 12, 2009.

In the instant motion, counsel for Plaintiff contests the validity of the contempt sanction and further states that he is without sufficient funds to pay the contempt fine. To the extent Plaintiff's counsel seeks reconsideration of my order of May 12, 2009, that request is denied.  To succeed in a motion to reconsider, a party must clearly demonstrate a manifest error of law or fact or present newly discovered evidence that would induce the court to reverse its prior decision.  *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000).  Here, Plaintiff's counsel has not presented any new factual arguments.  Moreover, the case law cited in the motion comes from the Second Circuit Court of Appeals and a District Court from the Southern District of New York and is not binding on this Court.

In the alternative, Plaintiff's counsel requests that I permit him to pay his contempt fine from any judgment or settlement proceeds awarded to Plaintiff, or from any attorneys' fee award he might obtain should Plaintiff prevail in this lawsuit.  I stress that the contempt fine is the result of the conduct by Plaintiff's counsel and is the sole responsibility of Plaintiff's counsel. Obviously, any judgment or settlement proceeds obtained by counsel on behalf of Plaintiff is the property of the Plaintiff.  The terms of any attorney fee agreement between Plaintiff and Plaintiff's counsel is a separate matter, but in any case, I cannot permit counsel to use his client's property to satisfy his

contempt fine. Moreover, at this stage of the proceeding, it is unknown whether Plaintiff will prevail in this lawsuit or whether Plaintiff's counsel would be entitled to any award of attorneys' fees.

What Plaintiff's counsel really seeks is an extension of time in which to pay the contempt fine until the conclusion of this case. I note that the contempt fine was due to be paid in full no later than June 12, 2009. At the hearing on the motion, Plaintiff's counsel represented that he is without sufficient funds to pay the fine at this time, but agreed that he could pay $200.00 per month with the first payment made on or before June 30, 2009, and additional payments of $200.00 to be made each subsequent month until paid in full.

Therefore, for the reasons set forth herein, it is hereby

ORDERED that Plaintiff's Counsel's (Opposed) Motion for: Leave to Pay Civil Contempt Monetary Sanctions, as Ordered by [Docket No. 112] Out of: (1) Counsel's Fees From Judgment for Plaintiff; (2) Counsel's Fees From Settlement Monies Paid to Plaintiff; or (3) Counsel's Fees, as Awarded by the Court, to Plaintiff (as the "Prevailing" Party), filed June 12, 2009 [#116] is **DENIED**. It is

FURTHER ORDERED that Plaintiff's counsel shall pay to the Clerk of Court $200.00 on or before June 30, 2009, and make additional payments of $200.00 each month until the total $1,000.00 is paid in full, no later than December 31, 2009.

Dated: June 17, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge