IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00761-WYD-KLM

RICHARD D. KELLAR,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, a federal agency of the United States,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's (Opposed) Motion(s)** [Docket No. 170; Filed April 9, 2010] (the "Motion"). Defendant responded [Docket No. 173; Filed April 19, 2010], Plaintiff replied [Docket No. 177; Filed April 26, 2010], and Defendant filed a supplemental response [Docket No. 178; Filed April 27, 2010]. The Motion is now ripe for the Court's review. For the reasons set forth below, the Motion is **DENIED**.

In the Motion, Plaintiff makes two requests. First, Plaintiff requests that the Court order Defendants to disclose and provide to Plaintiff all materials, including expert notes, reports, and other evaluation materials, of Dr. Harold J. Bursztajn that relate to Dr. Bursztajn's forensic neuropsychiatric examination of Plaintiff. In its Response, Defendant indicates that it has already turned over to Plaintiff all of the materials requested. Plaintiff concedes in his Reply that he has received all of the materials requested in the Motion except Dr. Bursztajn's "hand-written notes." *Reply* [#177] at 1. Defendant informs the Court in its Supplemental Response that no such hand-written notes exist and therefore

it has fully complied with Plaintiff's request.  The Court cannot order Defendant to produce hand-written notes that do not exist.  Accordingly, this request is denied.

Second, Plaintiff requests leave to endorse new expert witnesses for both his case-in-chief and for rebuttal purposes.  In the Motion, Plaintiff argues that a new expert witness is necessary because Deneen R. Gammons, Ph.D., currently designated as Plaintiff's expert, has moved to Maryland and Plaintiff lacks funds to finance her return to Colorado for the trial.  Defendant explains in its Response that it has offered to allow Dr. Gammons to testify by video teleconference from a Department of Justice facility near where Dr. Gammons now lives.  Plaintiff concedes in his Reply that this accommodation disposes of his need to endorse a new expert witness for the purpose of testifying during his case-in-chief.  Accordingly, this portion of Plaintiff's request is denied as moot.

Plaintiff continues to maintain, however, that he should be entitled to designate a new expert witness for the purpose of offering testimony in his "'case in rebuttal,' to 'refute' and/or 'challenge,' all of the errors, omissions, irregularities, misrepresentations, falsehoods, and unethical conduct of Defendant's expert, Dr. Bursztajn."  *Reply* [177] at 4.  In the alternative, Plaintiff requests permission to "present any and all 'relevant' evidence and testimony, including 'rebuttal' testimony of an expert to 'refute' and/or 'challenge,' all of the errors, omissions, irregularities, misrepresentations, falsehoods, and unethical conduct" of Dr. Bursztajn.  *Id.*

Plaintiff's request to designate a second expert witness, for the purposes of offering the testimony Plaintiff proposes, is denied.  At this late juncture, Plaintiff has failed to show a sufficient basis for amending the Final Pretrial Order to allow for endorsement of a rebuttal expert witness.  *See* Docket No. 132, at 15 ("Hereafter, this Final Pretrial Order will

control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the Court to prevent manifest injustice."); *see also* Fed. R. Civ. P. 16(e). "The party moving to amend the [final pretrial] order bears the burden to prove the manifest injustice that would otherwise occur." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002). The Court considers "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Id.* at 1210 (quoting *Koch*, 203 F.3d at 1222).

The deadline for designation of expert witnesses was September 25, 2008, and the deadline for designation of rebuttal experts was November 13, 2008. *See* Docket No. 11. Plaintiff failed to timely designate Dr. Gammons as an expert, and Defendant filed a Motion to Strike Dr. Gammons as an expert witness. *See* Docket No. 138. At a hearing on January 5, 2010, the Court determined that Plaintiff would be allowed to present Dr. Gammons's expert testimony at trial, and Defendant was given the opportunity to designate a rebuttal expert and conduct an Independent Medical Examination ("IME") of Plaintiff. *See* Docket No 153. At no time until the filing of the instant Motion did Plaintiff seek an extension of the rebuttal expert witness deadline or otherwise seek permission to designate a second expert, despite his knowledge of the impending IME by Dr. Bursztajn. *See id.*; *see also* Docket No. 158 (hearing held on January 22, 2010 to determine date for IME).

Moreover, this case is set for trial on June 1, 2010. Allowing Plaintiff to designate a second expert witness would disrupt the timely proceeding of this matter and prejudice Defendant. Plaintiff may explore the areas of questioning that he has identified in the

3

Motion through cross-examination of Dr. Bursztajn at trial.

In sum, Plaintiff has failed to demonstrate that amendment of the Final Pretrial Order is necessary to prevent manifest injustice. *See, e.g.*, *Canales v. Nicholson*, 177 Fed. App'x 834, at *6-7 (10th Cir. 2006) (affirming denial of motion to amend final pretrial order to allow new expert witness where trial was scheduled in two weeks, no time for opposing party to cure prejudice, case had originally been filed three years prior, need for new expert not unexpected, and need for new expert cured by allowing plaintiff to present previously designated expert's testimony through deposition testimony).

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.


Dated: April 30, 2010

                                        BY THE COURT:
                                        s/ Kristen L. Mix
                                        U.S. Magistrate Judge
                                        Kristen L. Mix